NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13572

PAUL D. CRANEY & others[1]  vs.  ATTORNEY GENERAL & others.[2]


Suffolk.     May 6, 2024. - June 27, 2024.

Present:  Budd, C.J., Gaziano, Kafker, Wendlandt, Georges,
& Wolohojian, JJ.


Initiative.  Constitutional Law, Initiative petition.  Attorney
    General.  Network Companies.  Labor, Collective bargaining.



    Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on February 14, 2024.

    The case was reported by Georges, J.


    Kevin M. McGinty (Daniel J. Goodrich also present) for the
plaintiffs.
    M. Patrick Moore, Jr., Assistant Attorney General, for the
Attorney General & another.
    Thomas O. Bean, for the interveners, was present but did
not argue.
    Stacey M. Leyton, of California, & Nicole M. Rothgeb, for
Kate Andrias & others, amici curiae, submitted a brief.

---

    [1] Kristen Arute and Michael Hruby.

    [2] Secretary of the Commonwealth; Marcelo Cordoba, Juan
Garcia, Martin Pitney, and Roxana Lorena Rivera, interveners.

WOLOHOJIAN, J.  At issue is whether the Attorney General properly certified Initiative Petition 23-35, "An Act Giving Transportation Network Drivers the Option to Form a Union and Bargain Collectively" (petition), as satisfying the requirements of art. 48 of the Amendments to the Massachusetts Constitution. The plaintiffs argue that the petition should not have been so certified because it does not meet art. 48's requirement that it contain only related subjects.  More specifically, they contend that the petition's provisions allowing transportation network drivers (drivers) to organize and collectively bargain with transportation network companies (companies) are unrelated to its provisions subjecting the results of any collective bargaining to supervision, review, and approval by the Commonwealth's Secretary of Labor.  We conclude that the petition seeks to establish a multistep collective bargaining scheme in which the Secretary of Labor's role is an integrated component and, therefore, that the subjects of the petition are related for purposes of art. 48.  We accordingly affirm the Attorney General's certification of the petition.[3]

---

[3] We acknowledge the amicus brief submitted by twenty-two law professors, the Center for American Progress, and the Chinese Progressive Association.

Background.[4]  The petition proposes to add a new chapter to the General Laws, c. 150F, which would "create[] the opportunity for workers in the digital transportation industry to form [driver] organizations and to negotiate on an industry-wide basis with companies in this industry on recommendations to the commonwealth that raise standards for the terms and conditions of work in this industry."[5]  The proposed law would expressly provide drivers the right

> "of self-organization, to form, join, or assist [driver] organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection free from interference, restraint, or coercion by [the companies], and . . . to refrain from any of these activities."

---

[4] This matter is before us on the single justice's reservation and report of the plaintiffs' amended complaint, which was filed in the Supreme Judicial Court for Suffolk County and sought a declaration that the petition does not satisfy the related subjects requirement of art. 48, and an order enjoining the Secretary of the Commonwealth from placing the petition on the Statewide election ballot.

[5] Although workers defined as "employees" under the National Labor Relations Act (NLRA) already have the right to bargain collectively with their employers, it has not been resolved whether drivers are employees under the NLRA.  See 29 U.S.C. § 157; Chamber of Commerce of the United States of Am. v. Seattle, 890 F.3d 769, 795 (9th Cir. 2018) (Seattle).  The proposed law would define drivers as exclusive of individuals "who, with respect to the provision of services through a [company's] online enabled-application or platform, [are employees] within the meaning of [the NLRA]."  Thus, if the proposed law is enacted, it would create a scheme whereby drivers could collectively bargain under the NLRA if they are deemed employees for purposes of that statute or, if they are not so deemed, could collectively bargain under the proposed law.

The proposed law would protect these rights by preventing the companies from engaging in conduct that would interfere with drivers' unionization and collective bargaining efforts.

The proposed law contains detailed procedures to be utilized by drivers wishing to organize and to bargain collectively. For example, it contains procedures by which to designate a bargaining representative. It also includes procedures for conducting negotiations, and those to be followed should negotiations reach an impasse. If such an impasse occurs, the proposed law details a resolution process consisting of mediation followed by arbitration. It also identifies specific factors the arbitrator must consider in reaching a decision. Finally, of particular significance for purposes of this case, the proposed law provides that -- whether reached by agreement or by an arbitrator -- the outcome of the collective bargaining process must be reviewed and approved by the Secretary of Labor. The Secretary of Labor is required to take into consideration the same factors as the arbitrator in reaching a decision.

Discussion. As we have already noted, the Attorney General certified that the petition was in proper form for submission to Massachusetts voters, and, among other things, "that it contains only subjects that are related or are mutually dependent." Art.

48, The Initiative, II, § 3, as amended by art. 74. The plaintiffs challenge the certification on the ground that the petition's provisions pertaining to the Secretary of Labor's supervisory role are not related to the remainder of the petition. We review the Attorney General's certification de novo. Anderson v. Attorney Gen., 479 Mass. 780, 785 (2018). In conducting this review, we are guided by the "firmly established principle that art. 48 is to be construed to support the people's prerogative to initiate and adopt laws" (citation omitted), Abdow v. Attorney Gen., 468 Mass. 478, 487 (2014), while keeping in mind that we are "obligated to safeguard the integrity of the initiative petition process by requiring that those seeking to change the law strictly comply with art. 48," Anderson, 479 Mass. at 785-786.

To determine whether an initiative petition contains only related subjects, we ask whether "one can identify a common purpose to which each subject of an initiative petition can reasonably be said to be germane." Massachusetts Teachers Ass'n v. Secretary of the Commonwealth, 384 Mass. 209, 219-220 (1981). "At some high level of abstraction, any two laws may be said to share a 'common purpose,'" Carney v. Attorney Gen., 447 Mass. 218, 226 (2006), S.C., 451 Mass. 803 (2008), but "the related subjects requirement is not satisfied by a conceptual or abstract bond," Gray v. Attorney Gen., 474 Mass. 638, 648

(2016). "There is no bright-line rule to follow in making such a determination. Rather, the question is a matter of degree." Colpack v. Attorney Gen., 489 Mass. 810, 814 (2022).

"[I]n addition to considering whether the subjects of an initiative petition share a common purpose, we have examined two more specific questions." Colpack, 489 Mass. at 815. First, we consider whether

> "'the similarities of an initiative's provisions dominate what each segment provides separately so that the petition is sufficiently coherent to be voted on "yes" or "no" by the voters,' [and s]econd, we consider whether the proposed initiative 'express[es] an operational relatedness among its substantive parts that would permit a reasonable voter to affirm or reject the entire petition as a unified statement of public policy'" (citation omitted).

Id., quoting Hensley v. Attorney Gen., 474 Mass. 651, 658 (2016). "[I]nitiative petitions containing multiple provisions involving a variety of different regulatory issues . . . may meet the related subjects requirement of art. 48, so long as the provisions are part of an 'integrated scheme' of regulation." Colpack, 489 Mass. at 816.

The petition at issue here would establish an integrated scheme by which drivers may organize and collectively bargain with companies. The scheme extends from selection of an exclusive bargaining representative for the drivers, through the timeline and process of negotiations with the companies, to approval by the Secretary of Labor of either a negotiated

agreement (if one is reached) or (in the case of an impasse) an arbitrator's determination.

We are unpersuaded by the plaintiffs' argument that the Secretary of Labor's role in the collective bargaining process is not part of this integrated scheme. The last step in the collective bargaining process (approval by the Secretary of Labor) is no less connected to the scheme than any preceding step. Indeed, there is an explicit relationship between the Secretary of Labor's approval and the arbitrator's determination because the Secretary of Labor must review the arbitrator's determination using the same factors employed by the arbitrator. In the circumstances, approval by the Secretary of Labor is merely one requirement of many that "determine[s] how [collective bargaining] will be implemented." See Oberlies v. Attorney Gen., 479 Mass. 823, 832 (2018).

Our conclusion that the Secretary of Labor's supervisory role is part of the petition's integrated scheme is buttressed by the fact that it is designed to "anticipate[] and address[] a potential consequence" of the collective bargaining process the petition seeks to create. Oberlies, 479 Mass. at 832 (operational relatedness where workforce reduction provision addressed potential response by hospitals to nurse-patient ratio requirement). Specifically, the proponents of the petition foresee a legal challenge that the collective bargaining process

would be preempted by Federal antitrust law.[6]  See 15 U.S.C. § 1.
By giving the Secretary of Labor a supervisory role over that
process, the proponents of the petition hope to place it outside
the reach of Federal antitrust regulation.  States are permitted
to displace competition due to "the sovereign capacity of the
States to regulate their economies."  Federal Trade Comm'n v.
Phoebe Putney Health Sys., Inc., 568 U.S. 216, 224 (2013),
citing Parker v. Brown, 317 U.S. 341, 350, 352 (1943).  Non-
State actors engaging in anticompetitive conduct may also obtain
State action immunity where "the challenged restraint [is] one
clearly articulated and affirmatively expressed as [S]tate
policy" and "the policy [is] actively supervised by the State."
Phoebe Putney Health Sys., Inc., 568 U.S. at 224-225, quoting
California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.,
445 U.S. 97, 105 (1980).  The petition seeks to meet these two
requirements by clearly articulating and affirmatively
expressing that the Commonwealth's policy is to allow drivers to
organize and collectively bargain, and by providing active
supervision of those activities by the Secretary of Labor.[7]

---

[6] An antitrust challenge has been brought against a similar
law and has survived a motion to dismiss.  See Seattle, 890 F.3d
at 775-776.

[7] We need not -- and do not -- decide whether the proposed
law would, in fact, satisfy the requirements for State action
immunity.  See Oberlies, 479 Mass. at 835, quoting Abdow, 468
Mass. at 508 ("In circumstances like these, the proper time for

Three further arguments bear brief mention. First, the plaintiffs argue that the petition allows the Secretary of Labor to "dictate" the terms and conditions of the drivers' relationship with the companies and that this role is not related to the petition's stated purpose of empowering drivers to bargain for themselves the terms and conditions of their work. But the Secretary of Labor's role is not so expansive; instead, it is largely confined to reviewing and approving or disapproving -- while employing defined considerations -- the agreement reached by the drivers and the companies after negotiation or, in the event of an impasse, the arbitrator's determination. Although the Secretary of Labor would be permitted to set some terms and conditions in limited circumstances (which we set out in the margin),[8] the petition

---

deciding definitively whether the measure has the desired legal effect will come if and when the measure is passed"). We only decide that the provision giving the Secretary of Labor a supervisory role over the collective bargaining process "seeks to address" a potential challenge to that scheme. See Oberlies, 479 Mass. at 833.

[8] For example, the Secretary of Labor may recommend modifications to the terms and conditions if she disapproves of the submitted version, but those modifications must be approved by the drivers and the companies. Additionally, if the Secretary of Labor approves terms and conditions that incorporate her own modifications or terms and conditions determined by an arbitrator, she may "modify" such terms and conditions when "market conditions have changed." This is an exception to the rule, however, and does not "obliterate" the

does not empower the Secretary of Labor to impose terms and conditions without restraint.  And, absent State oversight, the entire scheme for collective bargaining might face an antitrust challenge, thwarting the petition's purpose.

Second, although it is true, as the plaintiffs point out, that the Secretary of Labor's supervisory role would mean that the drivers' right to bargain collectively would be constrained by State oversight, this does not in and of itself cause the petition to fail the related subjects requirement.  An initiative petition may simultaneously broaden and restrict an entitlement (in this case, the right to organize and collectively bargain).  See Colpack, 489 Mass. at 819 ("an initiative petition need not focus solely on loosening [or tightening] restrictions in order to meet the related subjects requirement of art. 48"); Weiner v. Attorney Gen., 484 Mass. 687, 694 (2020), quoting Mazzone v. Attorney Gen., 432 Mass. 515, 528-529 (2000) ("The provisions of an initiative petition need not be 'drafted with strict internal consistency'").  The question is not whether the subjects are congruous but whether they are related.

---

drivers' ability to collectively bargain as the plaintiffs contend.

Third, the plaintiffs argue that the complexity of the petition's scheme, combined with the fact that the Secretary of Labor's role in it is "buried" on the twenty-ninth page of the thirty-two page petition, will lead to voter confusion. The entire petition is roughly organized in chronological sequence of the labor and bargaining activities it seeks to establish and regulate. Given that the Secretary of Labor's role comes at the end of that process, it is hardly surprising that it is described towards the end of the petition, just as it is equally unsurprising that the arbitrator's role is described immediately before that. No confusion can arise from placing the provision in proper sequence with all the other steps of the collective bargaining process. Moreover, the Secretary of Labor's role is described with sufficiently clear and straightforward language[9] that, contrary to the plaintiffs' contention otherwise, the petition here does not present the concerns raised by the petition at issue in El Koussa v. Attorney Gen., 489 Mass. 823, 838-839 (2022) (voter confusion was concern where unrelated subject was buried at end of proposed law in "murky language"

---

[9] The provision states: "Any recommendations agreed upon between [the companies] and a [driver] organization acting as exclusive bargaining representative of [the drivers] in the bargaining unit and/or any determination reached by an arbitrator under this chapter shall be subject to review and approval by the Secretary of Labor."

such that voters "may not even be aware they are making [a] second, unrelated policy decision").

Conclusion.  The matter is remanded to the county court for entry of a judgment declaring that the Attorney General's certification of Initiative Petition 23-35 complies with the requirements of art. 48.

So ordered.